UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JOEL MARCEL CARTER

      Plaintiff,                      Case No. 1:13-CV-0807

v.                                        HON. ROBERT J. JONKER

JAMIE AYALA and ROBERT DAVIS,

      Defendants,
_____/

## OPINION AND ORDER RE
## REPORT AND RECOMMENDATION

The matter before the Court is the Magistrate Judge's Report and Recommendation (docket no. 44), filed on August 20, 2014. The Plaintiff filed a set of Objections to the Magistrate Judge's Report and Recommendation (docket no. 46) on September 5, 2014.

Under the Federal Rules of Civil Procedure, where a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge, the Report and Recommendation itself, and the Plaintiff's Objections to the Magistrate's Report and Recommendation. After its review, the Court approves and adopts Magistrate Judge Brenneman's Report and Recommendation in part, and rejects it, in part.

The Plaintiff suffers from multiple sclerosis and psychosis. Plaintiff brings two related claims under 42 U.S.C. § 1983 against two mental health professionals responsible for his treatment in prison. The first claim asserts that Defendants retaliated against him in violation of the First Amendment by downgrading his diagnosis in response to his refusal to participate in a prescribed treatment program. The second claim asserts that Defendants violated the Eighth Amendment by demonstrating deliberate indifference to his serious mental health needs.

The Report and Recommendation carefully examines the Plaintiff's claims, and recommends dismissal of the Plaintiff's First Amendment retaliation claim on the grounds that the Plaintiff did not engage in conduct protected by the First Amendment. The Report and Recommendation recommends summary judgment to Defendant Ayala on the Plaintiff's Eighth Amendment claim on a failure to exhaust theory. The Court agrees that the First Amendment claim must be dismissed. But on the Eighth Amendment claim, the Court finds that genuine issues of fact preclude summary judgment for any party on an exhaustion theory. The Court therefore dismisses the First Amendment retaliation claim as recommended by the Recommendation and Report, and overrules Plaintiff's objections on that issue. But the Court denies the cross motions for summary judgment on exhaustion, and rejects the Report and Recommendation's recommended grant of Defendant Ayala's summary judgment motion. The case will proceed on the Eighth Amendment claim only.

## I. CARTER'S OBJECTIONS

The Plaintiff raises six objections. The first two are meritless. First, the plaintiff objects to the Magistrate Judge's recommendation to dismiss his First Amendment retaliation claim for failure to state a claim on which relief can be granted, alleging that the Magistrate Judge's interpretation of a retaliation claim is flawed. He is incorrect. As the Magistrate Judge observed, the Plaintiff cannot stretch right to refusal of treatment under the Fourteenth Amendment's Due Process Clause into a First Amendment retaliation claim. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 387 (6th Cir. 1999) (en banc) (Moore, J.) (plurality opinion) (noting that "Supreme Court precedent suggests that theses two types of claims should not be conflated"). Furthermore, *Crawford-El v. Britton*, 523 U.S. 574 (1998), does not stand for the proposition that the plaintiff claims. Second, the Plaintiff asserts that the Magistrate Judge should have construed his claim more liberally, and relabeled his First Amendment retaliation claim as a Fourteenth Amendment Due Process claim. While federal courts may "sometimes" relabel a pro se litigant's claim, *Castro v. United States*, 540 U.S. 375, 381 (2003), the Court finds that the Magistrate Judge fairly construed the Plaintiff's claims, and that even a liberal construction of the Plaintiff's claim does not warrant converting his First Amendment claim into a Fourteenth Amendment Due Process claim.

The Plaintiff's third objection concerns whether he exhausted his administrative remedies with respect to his § 1983 claim. The Court credits Plaintiff's objections to the extent they challenge summary judgment for Defendant Ayala. The record discloses a fact issue over whether Plaintiff exhausted his Step III grievance by sending it to the Director's Office. The Magistrate Judge correctly noted that under the Michigan Department of Corrections' Policy Directive 03.02.130(FF), a completed Step III grievance is to be filed with the Grievance and Appeals Section, not the Director's Office. But the Plaintiff correctly notes that the Prisoner/Parolee Grievance Appeal Form

indicates the following: "If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909." *See* R. 1-1, Form at 7, PageID # 16. Furthermore, the Court observes that the Michigan Department of Corrections' Grievance Appeal Receipt – Step II directs as follows: "If you have not received a response [within 15 business days of the date your appeal was received], you may submit your step III appeal to the Director's office." R. 1-1, Receipt at 6, PageID # 15. The record indicates that the Plaintiff should have received a response on November 4, 2010, but did not receive a response until December 29, 2010, which suggests that submitting a Step III Appeal to the Director's Office may have been appropriate. *See* R. 1-1, Form at 7, PageID # 16. Viewing the factual evidence and drawing all reasonable inferences in favor of the Plaintiff, the Court concludes that an issue of fact exists whether the Plaintiff properly exhausted his grievance.

Similarly, Plaintiff's fourth objection addresses an exhaustion issue. The Magistrate Judge observed that the Plaintiff filed his action prior to receiving a Step III response. In response, Plaintiff states that he sent his appeal to the Director's Office on January 6, 2011 and his follow-up letter on February 12, 2011. He filed his complaint in July of 2013, without ever receiving a Step III response. While it is true that the Plaintiff "may not exhaust administrative remedies during the pendency of the federal suit[,]" *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999), it is also true that "administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance[,]" *Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 996 (6th Cir. 2004). Viewing the factual evidence and drawing all reasonable inferences in favor of the Plaintiff, the Court concludes that an issue of fact exists concerning whether the Plaintiff's administrative remedies were exhausted.

Because there are issues of fact on exhaustion, neither party is entitled to summary judgment on exhaustion.  The Court will therefore deny the cross motions on this issue.

The Court finds that the Plaintiff's fifth and sixth objections are immaterial because the case will proceed on Plaintiff's Eighth Amendment claim.

## II.  CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket no. 44), is accepted in part, and reversed in part, as provided in this Order.  Plaintiff's First Amendment retaliation claim is **DISMISSED**.  The cross motions on exhaustion of the Eighth Amendment claim (docket nos. 21 and 30) are **DENIED** because of genuine issues of material fact.  The case will proceed on the Plaintiff's Eighth Amendment claim.

**IT IS SO ORDERED**.

Dated:  September 17, 2014               /s/ Robert J. Jonker
                                         ROBERT J. JONKER
                                         UNITED STATES DISTRICT JUDGE