UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOEL CARTER,

       Plaintiff,                              Case No.  1:13-CV-0807

v.                                                             HON. ROBERT J. JONKER

JAMIE AYALA, et al.,

       Defendants.
_____/

## OPINION AND ORDER
## RE REPORT AND RECOMMENDATION

The matter before the Court is the Magistrate Judge's Report and Recommendation (docket no. 57), recommending that the Defendants' motion for summary judgment (docket no. 33) and the Plaintiff's motion for summary judgment (docket no. 40) both be denied. The Defendant has filed a set of Objections to the Magistrate Judge's Report and Recommendation (docket no. 58).

### I.  STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure, where a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12

WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).  The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge, the Report and Recommendation itself, and the Defendants' Objections to the Magistrate's Report and Recommendation.  After its review, the Court approves and adopts the Magistrate Judge's Report and Recommendation.

This case involves Plaintiff Carter, who is in custody; Defendant Ayala, a psychiatrist with the MDOC; and Defendant Davis, a psychologist with MDOC.  Plaintiff Carter suffers from multiple sclerosis as well as a psychosis disorder due to his medical condition.  Plaintiff refused mental health treatment, and, according to Plaintiff, the Defendants changed his mental-health diagnosis from "psychosis disorder" to "anxiety disorder" as a means of retaliating against him for refusing the treatment.  Due to this change in diagnosis, Plaintiff lost eligibility for other mental health programs, and was placed into segregation for an extended period of time, which caused him mental anguish.  In his Complaint, Plaintiff

alleged a First Amendment retaliation claim and an Eighth Amendment deliberate indifference claim.

The Report and Recommendation carefully reviews the record and examines the relevant law, and recommends that both motions be denied. The Court finds the Magistrate Judge's Report and Recommendation to be well-reasoned and thorough, and accordingly adopts its conclusion.

## II. DEFENDANTS' OBJECTIONS

### A. Objection No. 1: Fourteenth Amendment Claim

Defendants state that the Magistrate Judge erred by injecting an unpled Fourteenth Amendment claim into this case. The Magistrate Judge noted that Plaintiff's Eighth Amendment claim, which alleged deliberate indifference to his medical needs, was intertwined with an implicit Fourteenth Amendment claim concerning the Plaintiff's right to refuse medical treatment. The Magistrate Judge therefore concluded that this claim needed further development, and that Defendants' summary judgment motion should be denied.

The Court agrees with the Magistrate Judge. Plaintiff is proceeding pro se. It is well established that "pro se complaints are held to even less stringent standards than formal pleadings drafted by lawyers." *Kent v. Johnson*, 821 F.2d 1220, 1223 (6th Cir. 1987) (internal quotation marks omitted). Because a pro se complaint is construed even more

liberally than a typical complaint, *see Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011), the Court is required to look at pro se pleading with a fair degree of leeway. Plaintiff's facts as pleaded clearly implicate a Fourteenth Amendment right to refuse medical treatment claim; Defendants even admit that the Complaint refers to this right. (Docket no. 58, Def. Obj. at 3, PageID # 353.) The Court is required to acknowledge this claim, and cannot ignore it. Accordingly, Defendants' objection is overruled.

### B. Objection #2: Qualified-Immunity Burden

Defendant Davis also objects that the Magistrate Judge misapplied the burden for establishing qualified immunity. Defendant Davis states that he was not required to affirmatively prove qualified immunity, and rather that Plaintiff was required to provide more argumentation regarding qualified immunity.

Defendants' argument falls flat. First, while Defendants are indeed not required to affirmatively prove qualified immunity, it is still the Defendants' motion for summary judgment, and the Court must read all inferences in favor of the Plaintiff. *See, e.g.*, *Quigley v. Tuong Vinh Thai*, 707 F.3d 675, 680–85 (6th Cir. 2013) (denying Eighth Amendment qualified-immunity claim where the facts as pled established a plausible case for relief). And second, again, "pro se complaints are held to even less stringent standards than formal pleadings drafted by lawyers." *Kent*, 821 F.2d at 1223 (internal quotation marks omitted). Because pro se complaints are construed even more liberally than typical complaints, *see*

*Alexander*, 419 F. App'x at 545, the Court must examine pro se pleading with a fair degree of leeway. Accordingly, Defendants' objection is overruled.

### III. CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket no. 57), is accepted; Defendants' motion for summary judgment (docket no. 33) is **DENIED**, and Plaintiff's motion for summary judgment (docket no. 40) is **DENIED**.

**IT IS SO ORDERED.**

Dated:   May 26, 2015            /s/ Robert J. Jonker
                                 ROBERT J. JONKER
                                 UNITED STATES DISTRICT JUDGE